Michael JORDAN, Plaintiff–Appellee,

v.

COUNTY OF CLARK; Clark County Department of Aviation, Defendants–Appellants.

Michael Jordan, Plaintiff—Appellant,

v.

County of Clark; et al., Defendants—Appellees.

Michael Jordan, Plaintiff—Appellant,

v.

County of Clark; et al., Defendants—Appellees.

Nos. 05–16904, 05–17029, 06–15625.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Nov. 6, 2007.

---

Daniel F. Polsenberg, Esq., Heidi P. Stern, Esq., Beckley Singleton, Chtd., Kathleen J. England, Brenske & Christensen, Las Vegas, NV, for Plaintiff–Appellee/Plaintiff–Appellant.

Patrick H. Hicks, Bruce C. Young, Esq., S. Libby Henninger, Esq., Littler Mendelson, PC, Las Vegas, NV, for Defendants–Appellants/Defendants–Appellees.

Before: THOMPSON and TALLMAN, Circuit Judges, and DUFFY,* Senior District Judge.

## MEMORANDUM **

The defendants-appellants County of Clark and Clark County Department of Aviation (collectively, the "County") appeal the district court's judgment, following a jury trial, in favor of the plaintiff-appellee Michael Jordan on one claim of retaliation in violation of Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Jordan cross-appeals the jury's verdict in favor of the County on his claims of race discrimination and two other claims of retaliation under Title VII. He also cross-appeals the district court's judgment, after a bench trial, in favor of

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the County on his disparate impact claim under Title VII and the district court's summary judgment in favor of the County on a claim of religious discrimination under Title VII and claims of race discrimination under Title VII and 42 U.S.C. § 1983. Jordan also appeals the district court's order granting only in part his request for attorney fees. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

To establish a *prima facie* case of retaliation, a plaintiff must show: (1) he was engaged in a protected activity; (2) he was subjected to an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action. *Jurado v. Eleven–Fifty Corp.,* 813 F.2d 1406, 1411 (9th Cir.1987). Once a plaintiff has established a *prima facie* case, the burden shifts to the defendant to put forward a legitimate, non-discriminatory reason for the adverse employment action. *See Winarto v. Toshiba Am. Elec. Components,* 274 F.3d 1276, 1284 (9th Cir.2001). If the defendant satisfies this burden, the plaintiff must then "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination [or retaliation]." *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quotations and citations omitted).

On his retaliation claim, it was undisputed that Jordan was engaged in a protected activity, and that he was subjected to an adverse employment action. There also was sufficient evidence from which a reasonable jury could have found that there was a causal connection between Jordan's complaints of race discrimination and his non-selection for the promotion he sought in June 1996. Jordan also presented evidence from which a reasonable jury could have found that the County's proffered explanation for not promoting Jordan was pretextual. Accordingly, the district court properly upheld the jury's determination that Jordan suffered retaliation in the 1996 promotional opportunity and denied the County's motion for judgment as a matter of law and/or for a new trial. *See Passantino v. Johnson & Johnson Consumer Prods.,* 212 F.3d 493, 506 (9th Cir.2000) (the court may overturn a jury verdict when it finds that "the evidence viewed in the light most favorable to the prevailing party, admits only of a contrary conclusion.")

We reject Jordan's contention that the district court wrongly excluded evidence from the jury. Jordan's proposed exhibits of the average salaries of white and black Department of Aviation employees were not relevant to his allegations as he never made a claim that he was paid less than white employees. Similarly, two short news stories from 1991 regarding allegations of preferential treatment for Mormons and survey reports were irrelevant because they did not provide reliable evidentiary support for his claim that he was discriminated against in the 1995 and 1996 promotional events. Furthermore, even if we were to conclude that the district court abused its discretion by excluding this evidence, Jordan has not shown prejudice— that the exclusion of the evidence more probably than not tainted the jury's verdict. *McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1032 (9th Cir.2003).

We also reject Jordan's challenges to the district court's jury instructions. The district court properly refused to give the jury Jordan's proposed instructions pertaining to subconscious or unconscious bias and the failure to preserve and produce records; the requested instructions were irrelevant. Moreover, the district court's rejection of Jordan's proposed instructions does not warrant reversal because even if

that rejection were erroneous, such an error, if it occurred at all, was harmless. *See Dang v. Cross,* 422 F.3d 800, 805 (9th Cir.2005).

■ We also conclude that the district court properly granted summary judgment in favor of the County on Jordan's claim of religious preference discrimination. In order to establish a *prima facie* claim of discrimination based upon religion, Jordan had to demonstrate: (1) he is a member of a protected class; (2) he was qualified for the position he sought; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *Peterson v. Hewlett–Packard Co.,* 358 F.3d 599, 603 (9th Cir.2004) (citations omitted). Jordan failed to present any evidence that he was not promoted because he was not a member of the Mormon Church. In fact, the evidence established that none of the individuals selected for the promotions were members of the Mormon Church.

■ We also affirm the district court's conclusion, following a bench trial, that the County had not committed disparate impact discrimination. To establish a *prima facie* case of disparate impact under Title VII, Jordan must (1) identify the specific employment practices or criteria being challenged; (2) show disparate impact; and (3) prove causation. *Rose v. Wells Fargo & Co.,* 902 F.2d 1417, 1424 (9th Cir.1990). Because Jordan was not eliminated from the promotional process until after the oral interview stage in each of the five promotional opportunities, the interview phase is the only phase of the promotional process that could provide a basis for Jordan's disparate impact claim. *See Paige v. State of California,* 291 F.3d 1141, 1145 (9th Cir.2002). Both Jordan's

expert and the County's expert concluded that there was no statistically significant difference between the selection rate for promotions of Black/African–American applicants and White applicants. Jordan's attempt to rely on a variety of composite workforce data fails because a Title VII plaintiff cannot make out a case of disparate impact simply by showing that there is a racial imbalance in the workforce. *See Wards Cove Packing v. Atonio,* 490 U.S. 642, 657, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989).

■ Finally, we reject Jordan's contention that the district court abused its discretion by awarding him only 20% of the attorney fees and costs he requested. Jordan did not prevail on the disparate impact claim, which was unrelated and took up to 50% of his attorney's time. The district court acted reasonably by lowering the remaining fees based on the fact that Jordan prevailed only on a single retaliation claim. *See Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

**AFFIRMED.**